**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **TERRI BANKHEAD** | **PLAINTIFF** |
| v. | **NO. 1:18-CV-170-MPM-RP** |
| **WEST POINT MOBILE HOME PARK, LLC**<br>And **JOHN DOES 1–5** | **DEFENDANTS** |

## ORDER

This cause comes before the Court on Plaintiff's *Motion to Remand to State Court*. [Doc. #7]. The Court, having reviewed the motion, the parties' submissions, and applicable law, is now prepared to rule.

### I.  BACKGROUND

Plaintiff initiated this cause in the Circuit Court of Clay County, Mississippi on May 15, 2017. In her original state court complaint, Plaintiff alleged that on or about "December 28, 2015" she fell in the entrance of one of Defendant's lots, specifically lot #887, and suffered "severe injuries" after "a rail and/or step broke." [Doc. #2]. The relief sought in her original state court complaint was "an amount less than $75,000.00 as determined by a jury, together with all damages allowed by law, and such other relief as this Court may deem just and proper." *Id*.

On May 31, 2018—approximately two weeks after the one-year anniversary of her initial filing—Plaintiff filed a Motion for Leave to Amend her Complaint in the state court. In her motion for leave to amend, Plaintiff sought to change two items from her original complaint: (1) the date of the accident, which had been incorrectly stated as December 28, 2015 in the original complaint, would be amended to read "January 28, 2016"; and (2) the relief sought would now be "an amount that is fair and reasonable as determined by a jury . . .." [Doc. #10]. Review of the state court docket, submitted as Exhibit A to Defendant's Notice of Removal [Doc. #1], suggests that

1

Defendants did not object to Plaintiff's Motion for Leave to Amend her Complaint and the state court granted the motion on August 24, 2018. Plaintiff filed her amended complaint with the state court on September 10, 2018.

Two days later, on September 12, 2018, Defendant West Point Mobile Home Park, LLC removed the case to the Northern District of Mississippi. The notice of removal alleges that "the claim as presently filed by the Plaintiff … states a claim to damages which satisfies the amount in controversy requirement … sufficient to invoke the jurisdiction of this Court, in that the amount sought by the Plaintiff now … exceeds" $75,000, and that the plaintiff's initial state court complaint which stated that the relief sought was "an amount less than $75,000 as determined by a jury…" was "an action 'in bad faith in order to prevent (the) defendant from removing the action (to this Court)." [Doc. #1].

On September 18, 2018, the Plaintiff filed the present motion, her *Motion to Remand to State Court* [Doc. #7], on grounds that Defendant sought removal "more than sixteen months after the case was filed in State Court" and that a remand is warranted because Defendant has failed to establish the existence of any bad faith in the filing of the original complaint.

## II.  STANDARD

"On a motion to remand, '[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Inc. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)). Ultimately, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). And

"[a]ny ambiguities are construed against removal." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Pursuant to 28 U.S.C. § 1446(b), a defendant must file notice of removal within thirty days after being served with a copy of the initial pleading. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3).

When removal is based on diversity jurisdiction, the case "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "Conduct rises to the level of 'bad faith' when a party makes a 'transparent attempt to avoid federal jurisdiction.'" *Kidwai v. Fed. Nat'l Mortg. Ass'n*¸ Civil Action No. SA-13-CV-972-XR, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014). "If . . . the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." 28 U.S.C. § 1446(c)(3)(B). Ultimately, a court must "determine whether bad faith exists on a case-by-case basis" and must balance this equitable exception with "the general rule that removal jurisdiction is to be strictly construed [in favor of remand], as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Kidwai*, 2014 WL 252026, at *2 (quoting *Carey v. Allstate Ins. Co.*, 2:13-CV-2293, 2013 WL 5970487, at *3 (W.D. La. Nov. 7, 2013)).

## III.     DISCUSSION

In its Notice of Removal, West Point alleges that removal, though done more than one year after the commencement of the action, is proper because Plaintiff engaged in bad faith in order to prevent West Point from removing the case to federal court. Plaintiff, in her motion to remand, argues that Defendant's removal is improper and a remand is warranted because Defendant sought removal "more than sixteen months after the case was filed in State court," Defendant fails to establish that Plaintiff engaged in bad faith when filing the initial complaint, and because a change of courts at this juncture would be inefficient as the case has progressed significantly.

After review of the parties' submissions, the Court is perplexed by the progression of this case and the relevant dates. There is no doubt that removal occurred past the one-year anniversary of the commencement of this case. Therefore, absent a finding of bad faith, a remand will be warranted.

Plaintiff slipped and fell on January 28, 2016. She then filed her state complaint on May 15, 2017. Her original state court complaint stated the date of the incident as "December 28, 2015" and specified that the relief sought was "an amount less than $75,000.00 as determined by a jury." *Id*. Plaintiff focuses on the fact that Defendant's motion specifically argues that Plaintiff engaged in "bad faith" *at the time she filed her initial state court complaint*. Because at the time of the filing of her complaint, it appears that Plaintiff's medical bills totaled an amount between $4,000 and $5,000, Plaintiff's initial request for an amount less than $75,000 was justified. Up until this point, this Court finds no bad faith. However, the Court is more concerned with what happened later.

On August 21, 2017, Plaintiff had her first knee surgery. On December 15, 2017, Plaintiff was deposed. During her deposition, Plaintiff's attorney identified that a mistake had been made on the initial complaint and that "January 28, 2016" was the correct date of the alleged incident.

4

Additionally, during her deposition, Plaintiff testified that her second surgery was originally scheduled for December 13, 2017 but was rescheduled to January 2018. The Defendant argues that as of December 15, 2017, being aware that the mistake existed and that Plaintiff would be undergoing a second surgery, Plaintiff could have amended her complaint as of that date. Plaintiff in response argues that she had no way of knowing whether the second surgery was related to the lawsuit, or the total of the surgery, until she received records and bills for the surgery. Plaintiff received the records and bills toward the end of March 2018.

In April or early May, Plaintiff's counsel were made aware that Defendant would not engage in settlement discussions until the correct date was listed on the complaint. On May 31, 2018—approximately two weeks after the one-year anniversary of her initial filing—Plaintiff filed a Motion for Leave to Amend her Complaint in state court. In her motion for leave to amend, Plaintiff sought to change (1) the date of the accident to read January 28, 2016; and (2) the relief sought to "an amount that is fair and reasonable as determined by a jury . . .." [Doc. #10]. Defendants did not object to Plaintiff's Motion for Leave to Amend her Complaint. Plaintiff filed her amended complaint with the state court on September 10, 2018. Defendant removed to state court two days later.

Although it appears to this Court that Plaintiff's actions are somewhat questionable—being that knowledge of the second surgery would have allowed Plaintiff to amend her complaint, especially when the grounds for the new relief are that "it is possible, depending on the testimony of the treating physician, that the subsequent surgery and treatment related to the injury in the Complaint,"—the Court is not convinced that Plaintiff's actions were so egregious as to constitute bad faith. The surgery was set for January 2018—a fact that the Defendants were also made aware of during the December 2017 deposition. Defendants could have, and quite frankly should have,

pressured Plaintiff more with regard to the medical procedures. The Court cannot fathom how a Defendant, aware that a second procedure will take place—a procedure which it appears *may* be related to the injury in the complaint—does nothing to determine whether it will increase the relief sought nor attempts to remove after learning of a second (possibly related) knee surgery. It was only in April or May that Defendant pressured for a change of the incorrect *date*, and during this same time period—early April—counsel for both parties were still working on obtaining a complete picture of Plaintiff's medical bills and records. Moreover, and possibly most surprising to the Court, the Defendants failed to object to Plaintiff's Motion for Leave to Amend the Complaint. Knowing that Plaintiff's motion was requesting that the complaint be amended to now seek "an amount as determined reasonable by a jury" after the one-year anniversary, Defendants, still, did not object.

The Court is mindful that removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand. Accordingly, the Court declines to find that Plaintiff acted in bad faith to prevent Defendants from removing the case to federal court. As such, the Court finds that this cause should be remanded to state court.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's *Motion to Remand to State Court* [Doc. #7]. This case hereby remanded to the Circuit Court of Clay County, Mississippi.

SO ORDERED, this the 15th day of May, 2019.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI